**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ZACHARY TIBRE ROBEY, | No.   14-16978 |
| Petitioner-Appellant, | D.C. No. 4:11-cv-02054-PJH |
| v. | |
| BRENDA CASH, Acting Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted June 12, 2017
San Francisco, California

Before:  SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,[**] District Judge.

California state prisoner Zachary Tibre Robey appeals the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition.  Robey was convicted of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

dissuading a witness, extortion, possession of methamphetamine, and two counts of first degree robbery.

Robey argues that both his counsel at trial and his counsel on direct appeal provided ineffective assistance, under *Strickland v. Washington*, 466 U.S. 668 (1984), in regard to his extortion conviction, Cal. Penal Code § 518. To succeed on his claims, Robey must show that his counsel's performance fell below an objective standard of reasonableness and that there was a reasonable probability that, but for the unreasonable performance, the result would have been different. *See Strickland*, 466 U.S. at 687. Robey's claims were rejected in California state court. Reviewing the district court's decision de novo, the state court holdings were not "contrary to, or . . . an unreasonable application of" clearly established Supreme Court precedent; nor were the state court holdings "based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d). We therefore affirm.

Robey first argues that his trial counsel was prejudicially deficient for failing to object to the prosecution's statement that, to prove extortion, "there's no requirement for [the prosecution] to prove that the defendant actually received the money." The California Court of Appeal interpreted the state extortion law to allow for conviction where the defendant himself did not personally receive any

property but rather received it through an agent. *People v. Robey*, 2009 WL 3208689, at \*9–10 (Cal. Ct. App. Oct. 7, 2009). Deferring to the state court's interpretation of its own law, *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), the state court reasonably concluded that the prosecution did not misstate the law. The prosecutor was explaining that the state did not need to prove that Robey himself received money from the victim; it needed only to prove that Robey received the money through an agent. Robey's trial counsel was not ineffective for failing to object.

As to ineffectiveness of appellate counsel, Robey contends counsel should have argued that the trial court improperly admitted hearsay evidence that Robey's agent did not have the victim's money when he returned from meeting Robey. The state court reasonably concluded there was no prejudice. Under California law, the extortion was complete upon the agent's receipt of the money from the victim.

Robey also argues that his appellate counsel should have claimed instructional error because the trial court did not instruct the jury on finding an agency relationship. Again, however, Robey has not shown prejudice. The only evidence available to the jury supported the existence of an agency relationship. Thus, an agency instruction would have done nothing to help Robey's chances of

3

obtaining a different result. Robey's appellate counsel was not constitutionally ineffective for not making a futile argument.

Accordingly, the district court did not err by denying Robey's habeas petition under 28 U.S.C. § 2254.

**AFFIRMED**.